Opinion Issued May 20, 2004
















     



In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00183-CR




MARIO ROBERTO ZARATE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 209th District Court
Harris County, Texas
Trial Court Cause No. 900207




MEMORANDUM OPINION

          Appellant, Mario Roberto Zarate, was indicted for the offense of capital
murder. The indictment alleged that appellant, while committing and attempting to
commit the burglary of a habitation owned by Nohemi Garcia, intentionally caused
the death of Evaristo Gonzales by shooting him with a deadly weapon. 
          After a jury found appellant guilty of the offense of capital murder, the trial
court sentenced him to an automatic sentence of life confinement. In three issues,
appellant contends that (1) the scenario alleged in the capital murder indictment and
charge was not contemplated by the Penal Code, (2) there is legally and factually
insufficient evidence to prove the predicate offense of burglary, and (3) there is
legally and factually insufficient evidence to support his conviction for capital
murder. We affirm.
Facts
          On January 22, 2002, Evaristo, the complainant, was at home with his mother
Nohemi Garcia, his sister Brenda, and his sister Leticia and her two children. Brenda
and the other children were sleeping in the bedrooms of the trailer home. As Evaristo
waited for his ride to pick him up for work, appellant, Leticia’s husband, appeared in
the living room holding a gun. Appellant did not then, or ever, reside in the trailer
home. Appellant got inside through a back bedroom window that he had forced open. 
          Appellant pointed the gun at Leticia. Nohemi quickly left through the back
door and went to her next-door neighbor’s trailer to call the police. As appellant
pointed the gun at Leticia, Evaristo tried to grab it. Appellant and Evaristo began a
fistfight. They struggled over the gun, but Evaristo was not able to grab it from
appellant. 
          Brenda woke up from the noise and told appellant that she was going to call the
police. Appellant said not to because he was leaving. But appellant did not leave. 
Brenda left the trailer and went to her uncle’s trailer for help; Evaristo followed her. 
Appellant then locked the front door behind them. 
          Appellant hit and kicked Leticia several times and said he wanted to kill her. 
He dragged Leticia by her hair towards the back door with the gun to her head. 
Before appellant got all the way out of the door, Evaristo came around the trailer and
stopped in the doorway. Appellant then shot Evaristo at close range. Nohemi, who
was still at her neighbor’s home, saw Evaristo leaving the trailer clutching his
stomach. Brenda, who was at her uncle’s trailer across the street, also heard the shot
and saw Evaristo run out of the trailer holding his stomach.
          Appellant then shoved Leticia down in a chair in the living room. When
appellant went to close the back door, Leticia left through the front door. Officer
Amador, a police officer with the City of South Houston was dispatched to the scene. 
Amador testified that Evaristo had a small bullet wound. Evaristo eventually died
from the wound. Dr. Wilson, an assistant medical examiner at the Harris County
Medical Examiner’s Officer determined that the cause of death was a gunshot wound
to the abdomen.     
 
Discussion
Due Process
          In his first issue, appellant contends that the charge against him, upon which
he was convicted, was not contemplated by the Penal Code and therefore his due
process rights under the Texas Constitution were violated. See Tex. Const. art. I, §
10, 19. He argues that the State improperly relied on the offense of murder as the
underlying felony for the offense of burglary,


 and then used the same murder offense
to charge him with capital murder.


 Because one cannot be convicted of an offense
not proscribed by the Penal Code, he concludes that this case should be “reversed and
dismissed.”
          Appellant’s argument, that the State improperly bootstrapped the charge to
elevate it to capital murder, has been rejected by the Court of Criminal Appeals. See
Homan v. State, 19 S.W.3d 847, 849 (Tex. Crim. App. 2000) (capital murder
convictions under Texas Penal Code section 19.03(a)(2) are upheld if evidence
sufficiently establishes the underlying felony of burglary involving the commission
of murder following the unlawful entry into a habitation). We are bound by the Court
of Criminal Appeals’s holding. 
          We overrule appellant’s first issue. 
Sufficiency of Evidence: Burglary 
          In his second issue, appellant contends that the evidence is legally and factually
insufficient to prove the predicate offense of burglary, and thus, insufficient to
support his conviction of capital murder. Appellant argues first that the evidence is
legally insufficient to prove burglary because the State failed to prove that he entered
the home with intent to commit a felony other than murder. He then argues that the
evidence is factually insufficient to prove burglary because apparent consent was
established. We address these issues separately. 
          Legal Sufficiency
          We review the legal sufficiency of the evidence by viewing the evidence in a
light most favorable to the verdict to determine whether any rational factfinder could
have found the essential elements of the offense beyond a reasonable doubt.  King v.
State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). Although our analysis considers
all of the evidence presented at trial, we may not re-weigh the evidence and substitute
our judgment for that of the factfinder. Id.
          Under the law applicable to this case, a person commits burglary if, “without
the effective consent of the owner, the person . . . enters a building or habitation and
commits or attempts to commit a felony, theft, or an assault.” Tex. Pen. Code Ann.
§ 30.02 (a)(3). Under this section, the State was required to prove that appellant
entered Nohemi’s home without consent and committed, or attempted to commit a
felony—here, murder. 
          Appellant claims that the evidence is legally insufficient to prove burglary
because the State presented no proof of any other predicate felony for the burglary
allegation other than the murder alleged. Under Homan, however, the State did not
have to prove appellant entered the house with the intent to commit a felony other
than murder. See Homan, 19 S.W.3d at 848-49. 
          Appellant further argues that the record contains no evidence that he intended
to burglarize Nohemi’s home or that he intended to kill Evaristo, and no evidence that
anything was stolen from Nohemi’s trailer. However, under section 30.02(a)(3), the
State was not required to prove appellant entered the home with the specific intent to
commit burglary. Rivera v. State, 808 S.W.2d 80, 92 (Tex. Crim. App. 1991);
Espinoza v. State, 955 S.W.2d 108, 111 (Tex. App.—Waco 1997, pet. ref’d). Rather,
the requirement that a felony be committed is satisfied by the actual murder of the
victim. Matamoros v. State, 901 S.W.2d 470, 474 (Tex. Crim. App. 1995). The
evidence here establishes that appellant entered Nohemi’s trailer and then shot
Evaristo at close range. This satisfies the requirements of section 30.02(a)(3). 
          Viewing the evidence in the light most favorable to the verdict, we conclude
that a rational factfinder could have found the essential elements of capital murder,
i.e., that appellant committed burglary and murder, beyond a reasonable doubt. 
Accordingly, we hold that the evidence was legally sufficient to support the burglary
felony. 
          Factual Sufficiency
          We review the factual sufficiency of the evidence by reviewing all of the
evidence as a whole neutrally, not in the light most favorable to the prosecution. 
Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). The Court of Criminal
Appeals has recently stated:
There is only one question to be answered in a factual-sufficiency
review: Considering all of the evidence in a neutral light, was a jury
rationally justified in finding guilt beyond a reasonable doubt? 
However, there are two ways in which the evidence may be insufficient. 
First, when considered by itself, evidence supporting the verdict may be
too weak to support the finding of guilt beyond a reasonable doubt. 
Second, there may be both evidence supporting the verdict and evidence
contrary to the verdict. Weighing all evidence under this balancing
scale, the contrary evidence may be strong enough that the beyond-a-reasonable-doubt standard could not have been met, so [that] the guilty
verdict should not stand. This standard acknowledges that evidence of
guilt can “preponderate” in favor of conviction but still be insufficient
to prove the elements of the crime beyond a reasonable doubt. Stated
another way, evidence supporting guilt can “outweigh” the contrary
proof and still be factually insufficient under a beyond-a-reasonable-doubt standard. 

Zuniga v. State, No. 539-02, 2004 WL 840786 (Tex. Crim. App. Apr. 21, 2004). In
a factual sufficiency review, we may not substitute our own judgment for that of the
fact finder. Jones v. State, 944 S.W.2d 642, 648 (Tex. Crim. App. 1996). 
          In regard to his factual sufficiency challenge, appellant argues that there is
insufficient evidence to support the jury’s finding that he entered the home without
consent of the owner. He argues that the evidence demonstrates that he was “neither
banned nor specifically invited to the home of [Nohemi Garcia]” and that apparent
consent was established because (1) his help in purchasing an air conditioner for
Nohemi’s trailer was “welcomed,” (2) Nohemi allowed his children to spend nights
there while Leticia worked, and (3) Leticia and his children spent the night together
at Nohemi’s trailer. 
          Effective consent is defined as assent in fact, whether express or apparent, and
includes consent by a person legally authorized to act for the owner. Tex. Pen. Code
Ann. §§ 1.07(a)(11), (19) (Vernon 2003). Here, Nohemi testified that she did not
invite appellant to her home, appellant did not knock or come through the front door,
she did not give appellant consent to enter her home, and she never allowed appellant
to live in her home. Appellant presented no evidence that apparent consent was
established. The testimony of Nohemi that she owned the trailer and that she did not
give appellant permission to enter her home is sufficient evidence to establish the
absence of effective consent. Ellet v. State, 607 S.W.2d 545, 550 (Tex. Crim. App.
1980). 
          Accordingly, we hold that the evidence was factually sufficient to support the
burglary offense. 
          We overrule appellant’s second issue. 
Sufficiency of Evidence: Capital Murder 
          In his third issue, appellant contends that the evidence is legally and factually
insufficient to prove capital murder. He reiterates his argument that the State created
a capital murder charge that allowed it to convict him without first proving burglary.
He also argues that “the details as to the sufficiency of the evidence in point two,
apply here as well, because no reasonable trier of fact could have found sufficient
evidence that [he] intended to kill the complainant.” Therefore, according to
appellant, because the evidence is insufficient to prove an unlawful entry into a
habitation with the intent to commit murder, the evidence is insufficient to prove
capital murder. 
          Legal Sufficiency
          To prove capital murder, the State was required to prove that appellant
committed burglary and intentionally committed murder. Tex. Pen. Code Ann. §
19.03(a)(2). A person commits murder if he intentionally or knowingly causes the
death of an individual. Tex. Pen. Code Ann. § 19.02(b)(1) (Vernon 2003). 
          In regard to appellant’s argument that the State created a capital murder charge
that allowed a conviction without first proving burglary, we note again that, in
Homan, the Court of Criminal Appeals held that the State was not required to show
that appellant formed the intent to commit the murder prior to entering the victim’s
home in order to use the burglary to elevate the murder to capital murder. Homan,
19 S.W.3d at 849. Here, the evidence demonstrates that appellant intended to kill
Evaristo. Leticia testified that, after appellant and Evaristo struggled over the gun
and Evaristo left, appellant beat her and began dragging her by her hair towards the
back door. Evaristo returned to the trailer and went to the back door to stop
appellant. When appellant saw Evaristo, however, he immediately shot him at close
range. Appellant died as a result. A jury could rationally believe that this evidence
demonstrated that appellant entered the house and murdered Evaristo. Accordingly,
reviewing the evidence in the light most favorable to the jury’s verdict, we hold that
the evidence supporting appellant’s capital murder conviction was legally sufficient. 
          Factual Sufficiency
          Appellant also contends that the evidence is factually insufficient to support
his capital murder conviction. However, appellant fails to develop his legal
argument. Rather, appellant relies on the details as to the sufficiency of the evidence
in issue two, in which he asserted that the evidence was factually insufficient to
support the underlying offense of burglary. Because we have already concluded that
the evidence was legally and factually sufficient to support the underlying offense of
burglary, appellant’s argument, that there is insufficient evidence to support his
capital murder conviction because the evidence is insufficient to prove burglary,
necessarily fails. 
          We overrule appellant’s third issue. 
Conclusion
          We affirm the judgment of the trial court. 
 

                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Nuchia, Jennings, and Keyes.
Do not publish. Tex. R. App. P. 47.4.