James Gary ELLETT, Appellant,

v.

The STATE of Texas, Appellee.

No. 59461.

Court of Criminal Appeals of Texas, Panel No. 1.

Nov. 12, 1980.

**546**

Lawrence L. Barber, Jr., Monahans, for appellant.

Frank Ginzel, Dist.Atty. and Russell L. Carroll, Asst.Dist.Atty., Sweetwater, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and DOUGLAS and TOM G. DAVIS, JJ.

### OPINION

TOM G. DAVIS, Judge.

Appeal is from conviction for burglary. Following a jury verdict of guilty, the court assessed punishment at three years. The court then ordered the period of confinement probated for five years.

The evidence shows that appellant was arrested along with A—— R——, a juvenile, at the Baker Hotel in Colorado City on June 6, 1977. The hotel had not been open for business for approximately four years. Police responded to a citizen's report that a pickup truck was backed up to the hotel and the truck was being loaded with furniture.

Sergeant Fuller, of the Colorado City Police Department, testified that when he arrived at the hotel he observed A—— R—— at the rear of a pickup truck which was backed up to the kitchen entrance of the Baker Hotel. The cargo area of the pickup contained "end tables, bar stools, chairs, dishes, paper towels, and curtains." When A—— R—— saw the police car he ran into the building. Sergeant Fuller entered and

began searching the first floor of the hotel—a five story structure. After hearing hushed conversation between two males on the floor above him, Fuller identified himself as a police officer. The conversation ceased and Fuller heard what sounded like two people going up the stairs. The officer pursued until he heard the suspects climb onto the roof. He then notified other officers by radio that the suspects were on the roof. Appellant and A___ R___ were subsequently arrested as they descended to the ground via the fire escape.

■ In his first ground of error appellant contends that the trial court committed fundamental error because the jury charge authorized conviction under V.T.C.A. Penal Code, Sec. 7.02—a theory not alleged in the indictment. Sec. 7.02 provides in pertinent part:

"Sec. 7.02. Criminal Responsibility for Conduct of Another

"(a) A person is criminally responsible for an offense committed by the conduct of another if:

" . . .

"(2) acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense; or . . ."

The jury charge complained of states in pertinent part:

"Therefore, if you believe from the evidence beyond a reasonable doubt that on or about the 6th day of June, 1977, Sefton Pickens was the owner of a building situated in Mitchell County, Texas, and that the defendant, James Gary Ellett, either by his own conduct did then and there, with the intent to commit the offense of theft, and without the effective consent of said Sefton Pickens, enter said building, and that said building was not then and there open to the public, or, acting with intent to promote or assist the commission of the offense, encouraged, aided or attempted to aid A___ R___ [a juvenile] to commit the offense charged, as defined above, and that the said A___ R___ did, with the intent then and there to commit the offense of theft, and without the effective consent of Sefton Pickens, enter said building, and that said building was not then and there open to the public, you will find the defendant guilty of the offense of burglary.

"If you do not so believe, or if you have a reasonable doubt thereof, you will find the defendant not guilty of the offense of burglary, . . ."

Appellant's contention has been addressed and rejected in *Pitts v. State*, Tex. Cr.App., 569 S.W.2d 898 where we held:

"[A] party to an offense may be charged with the offense without alleging the facts which make the defendant a party to the offense and criminally responsible for the conduct of another. If the evidence supports a charge on the law of parties, as it does here, the court may charge on the law of parties even though there is no such allegation in the indictment."

*Id.* at 900; see *LeDuc v. State*, Tex.Cr.App., 593 S.W.2d 678; *English v. State*, Tex.Cr. App., 592 S.W.2d 949.

■ In his third ground of error appellant challenges the sufficiency of the evidence to prove that Sefton Pickens was the owner of the Baker Hotel as alleged in the indictment. When title to property referred to in an accusatory pleading is held by a corporation, it is well established that the best pleading practice is to allege ownership in some natural person acting for the corporation. *Commons v. State*, Tex.Cr. App., 575 S.W.2d 518; *Eaton v. State*, Tex. Cr.App., 533 S.W.2d 33.

V.T.C.A. Penal Code, Secs. 1.07(a)(24) and (28) provide:

" 'Owner' means a person who has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor.

" 'Possession' means actual care, custody, control or management."

Pursuant to these definitions there are three ways in which Sefton Pickens' ownership could have been shown: (1) title to the

property, (2) possession of the property, or (3) a greater right to possession than appellant. *McGee v. State*, Tex.Cr.App., 572 S.W.2d 723; *Eaton v. State*, supra.

With reference to his relationship with the Baker Hotel, Sefton Pickens testified as follows:

"A. I have a key to the hotel. And the Republic Life Insurance [Company] calls me if they have someone that wants to see in the hotel, or if they want me to get something out of the hotel for them.

" . . .

"Q. Have you had more than one telephone call from anyone regarding the fact that people are going in and out of that building down there?

"A. Yes, sir.

" . . .

"Q. All right, sir. And you have received numerous phone calls by [sic] people coming and going out of the back end of that building?

" . . .

"A. I have had phone calls from the Police Department wanting us to get the insurance company to see it was secured."

Further testimony indicates that Pickens arranged to have some of the windows boarded and the back door secured. The evidence of Pickens' connections with the Baker Hotel is sufficient to constitute "possession" as that term is defined by Sec. 1.07(a)(28). Consequently, the evidence supports a finding that Pickens was the "owner" of the hotel within the statutory definition set out in Sec. 1.07(a)(24), as Pickens had possession of the property. Cf. *Eaton v. State*, supra.

In his second ground of error, appellant asserts that the trial court erred in not directing a verdict in his favor because the State failed to prove that the Baker Hotel is a "building" as that term is defined in the Penal Code. V.T.C.A. Penal Code, Sec. 30.-02 defines burglary, in pertinent part, as:

"(a) A person commits an offense if, without the effective consent of the owner, he:

"(1) enters a habitation, or building (or any portion of a building) not then open to the public, with intent to commit a felony or theft . . ."

For purposes of the burglary statutes, building is defined as: "any enclosed structure intended for use or occupation as a habitation or for some purpose of trade, manufacture, ornament, *or use.*" V.T.C.A. Penal Code, Sec. 30.01(2). (Emphasis supplied).

Appellant contends the Baker Hotel is not a "building" within the purview of our burglary statutes for two reasons: (1) "this building was not adaptable for use at the time of the commission of the alleged offense . . ." as it "had been closed for a period of four (4) years and [was] not adaptable for people to stay overnight and [was] not adaptable for people to use in operating a business . . . ;" (2) "the windows to the building had been broken out and they had been boarded up to prevent people from being able to go through the windows to the inside of the building."

It is well settled that when sufficiency of the evidence is challenged this Court is obliged to review the evidence in the light most favorable to the verdict in the trial court. E. g., *Clark v. State*, Tex. Cr.App., 543 S.W.2d 125. There is testimony in the trial record that the Baker Hotel could have been used for storage. In fact, the items loaded into the pickup in the instant offense had apparently been stored in the structure. We hold that "storage" constitutes a "use" within the scope of Sec. 30.01(2). See *Favro v. State*, 39 Tex.Cr. 452, 46 S.W. 932.

In support of the second part of his contention that the Baker Hotel is not a "building" within the protection of our burglary statutes, appellant cites *Day v. State*, Tex. Cr.App., 534 S.W.2d 681. We assume that appellant is arguing that the hotel was not an "enclosed structure" within the meaning of Sec. 30.01(2). In *Day* the defendant had been convicted under Sec. 30.02(a)(1) for the

burglary of a concrete shed used for the storage of lumber. That structure had three permanent openings which were large enough to accommodate passage of a truck. In holding that this shed was not an "enclosed structure" we stated:

"It appears to be clear from this record that the concrete block structure was not of an enclosed character, but instead was, as existing at the time of the offense, permanently open or unenclosed. It appears to be a well–designed structure for the protection of stored lumber from the elements, being essentially a shed consisting of a roof and walls erected for as much protection from the elements as would be consistent with leaving *permanently open portals* for passage of persons and trucks. It also appears not to be designed for the security of its contents or occupants inasmuch as it is *permanently open* for entrance and exit of persons and trucks. To hold that a structure of the design shown here is a building within the definition in Sec. 30.01, supra, would expand the scope of structures which may be the object of burglary to include open air stages with three walls and a roof, or open carports with walls on both sides but none on the ends, or even four–columned pavilions with no walls. The structure here is no more an enclosed structure than the examples just listed."

*Day v. State*, supra at 684–85. (Footnotes omitted; emphasis supplied).

In the instant case the record is unclear as to the precise condition of the structure at the time of the alleged offense. Testimony indicates that the police received numerous calls about juveniles being inside the building and sometimes found the back door open. Further, there is evidence that some windows were broken out of the structure, and that the owner ultimately had many of the windows boarded in order to secure the structure.

▪ Nevertheless, we find the Baker Hotel significantly different from the structure in *Day*, as the hotel was not designed with large permanent openings. In this regard, Sefton Pickens testified: "At all

times, [the hotel] was supposed to have been locked. And securing of it, in a more firm way, was done to keep people from breaking in." We are not prepared to hold that an unoccupied structure in need of repairs cannot be a "building" within contemplation of the burglary statutes. The evidence, viewed in the light most favorable to the verdict, is sufficient to establish that the Baker Hotel is a "building" as that term is defined in Sec. 30.01(2).

In his fourth ground of error appellant asserts that the evidence is insufficient to support the verdict because there was evidence showing that the door through which entry was gained was open and thus entry was not gained without the owner's consent. Sefton Pickens testified that he had not given appellant permission to enter the building. While "breaking" was an element of some burglaries under the former Penal Code, see Penal Code, arts. 1390 and 1394 (1925), that element was not retained in Sec. 30.01 which became effective January 1, 1974. See V.T.C.A. Penal Code, Sec. 30.-01. The "Practice Commentary" accompanying Sec. 30.02 states:

"More significant, however, in expanding the scope of burglarious intrusions is the change in the manner and time an intrusion must be made to be a burglary. Previously, a daytime entry could be burglarious only if it was accomplished by a breaking, Penal Code art. 1390, which required 'actual force,' art. 1394, while a nocturnal burglary required entry at night or remaining concealed until night 'by force, threats or fraud,' arts. 1389, 1391. Section 30.02 eliminates the day–night distinctions; the types of intrusions proscribed are the same, whether made in daylight or at night. The requirement of a breaking, Penal Code art. 1390, or of force, threats, or fraud, arts. 1389, 1391, is also discarded. All intrusions made without the owner's effective consent are burglarious if accompanied by the requisite intent.

"The concept of effective consent makes burglarious not only intrusions without consent but also those made with appar-

ent consent if given because of force, threat, or fraud, if given by one whom the actor knows lacks authority or capacity to consent, or if given to detect the commission of an offense, see Section 1.07 (code definitions). *This concept broadens burglary to cover, for example, one who enters through an open door, . . ."*

Searcy and Patterson, *Practice Commentary on Sec. 30.02,* 3 V.T.C.A. Penal Code 143. (Emphasis supplied).

 In the instant case, the testimony of Pickens, that he had not given appellant permission to enter the building, is sufficient to establish the absence of effective consent. Even if the door was open at the time appellant entered the building, such circumstance does not establish that he had the effective consent of the owner to enter the building. Appellant's fourth ground of error is without merit.

The judgment is affirmed.