**Alan Lavern MIFFLIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–81–00013–CR.**

Court of Appeals of Texas, El Paso.

May 12, 1982.

Michael McLeaish, Odessa, for appellant.

Mike Holmes, Dist. Atty., Tony Chavez, Asst. Dist. Atty., Odessa, for appellee.

Before STEPHEN F. PRESLAR, C. J., and WARD and OSBORN, JJ.

OPINION

STEPHEN F. PRESLAR, Chief Justice.

This is an appeal from a conviction for burglary of a habitation in Odessa, Texas. The court assessed punishment at seven years confinement. We affirm.

The habitation was a second-floor apartment managed by Franklin Delano Vaught. Entry was made through a rear window, access to which was obtained by dropping from an upper level catwalk to the top of a first-floor window air conditioner. Mr. Vaught heard noise in the apartment and entered, with his son, to investigate. They found the Appellant concealed in a closet. He admitted that he was burglarizing the apartment.

At the time of entry, the apartment tenant was delinquent in his rent. He was in Hobbs, New Mexico, trying to obtain funds to cover an insufficient rent check. Mr. Vaught, acting as landlord, had placed a "cover lock" on the door to the apartment. He testified that he had care, custody, and control of the premises, and authority as to entry and exit. The tenant's property was still in the apartment at that time. It was

**44**

removed and placed in storage by the Vaughts two months after the burglary.

The indictment alleged Mr. Vaught as the owner of the building, as well as owner of the property which was the subject of Appellant's alleged intent to steal at the time of entry.

Appellant's sole ground of error challenges the sufficiency of the evidence of Mr. Vaught's ownership of property contained in the apartment, as alleged in the indictment.

V.T.C.A. Penal Code, Secs. 1.07(a)(24) and (28) provide:

"'Owner' means a person who has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor.

"'Possession' means actual care, custody, control or management."

Vaught, the landlord, had possession of the property by placing his "cover lock" on the premises. Under the above definitions, it matters not whether that action was legal or not. Further, under Article 5236d, V.T.C.S., Vaught had a landlord's lien on the property because the rent was delinquent. Clearly, Vaught had a greater right to possession of the property than Appellant, the would be thief. Under the above provisions of the Penal Code, there were then several ways the ownership of the property was shown to be in Vaught. *Ellett v. State*, 607 S.W.2d 545 (Tex.Cr.App. 1980), is very much in point.

The point of error is overruled. The judgment of conviction is affirmed.