Raul Garcia SALAZAR, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–85–496–CR.

Court of Appeals of Texas,
Corpus Christi.

June 26, 1986.

James E. Belton, Juan Jose Martinez, Brownsville, for appellant.

Ben Euresti, Jr., Cameron County Dist. Atty., Brownsville, for appellee.

1. (a) A person commits an offense if, without the effective consent of the owner, he:
   (1) enters a habitation, or a building (or any portion of a building) not then open to the

Before NYE, C.J., and KENNEDY and SEERDEN, JJ.

OPINION

KENNEDY, Justice.

Appellant was convicted by a jury of burglary of a habitation. The jury answered the enhancement paragraph of the charge affirmatively and sentenced appellant to fifteen years' confinement. We affirm.

■ By appellant's sole ground of error, he urges that the State failed to prove that he entered the victim's home without her effective consent. Appellant was convicted under TEX.PENAL CODE ANN. § 30.02 (Vernon 1974).[1] Lack of consent is treated as any other issue in a criminal case and may be proven circumstantially. *Prescott v. State*, 610 S.W.2d 760 (Tex.Crim.App. 1981); *Kirvin v. State*, 575 S.W.2d 301 (Tex.Crim.App.1978).

■ The complainant testified that she was watching television in her home on June 2, 1985, when she heard a noise coming from her daughter's room. She noticed that the screen was out of the window. She was able to see a pair of shoes and khaki pants. According to the victim, she ran from the house to call the police. Officer Mendoza testified that when he arrived at the complainant's home, she told him that there was a man inside her home that she did not know. The officers found appellant inside the house. According to Mendoza, he asked complainant when they were leaving if she knew appellant and she responded that she had never seen him before. She indicated to the officer that she wished to file charges against appellant.

We agree that there was no direct testimony from the victim that she did not give appellant permission to be in her home, but we find the circumstantial evidence was sufficient to prove lack of consent.

public, with intent to a commit a felony or theft.

Appellant's ground of error is overruled and his conviction is AFFIRMED.

