NO. 07-03-0461-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



NOVEMBER 3, 2004


______________________________



In re: 657 TRUST


_________________________________



FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2003-521,359; HON. ANDREW J. KUPPER, PRESIDING



_______________________________





Memorandum Opinion


_______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

 Appellant Glen D. Aaron, II, appeals a post-judgment order through which he was
ordered to pay, as sanctions for discovery abuse, $50,000 "into the registry of this Court"
and $4,000 as reasonable attorney's fees incurred by the estate of Jacqueline Spencer
Morgan (the Estate). The two issues before us concern whether the trial court abused its
discretion in so sanctioning Aaron. We reverse and render in part and affirm in part.

Background


 The trial court entered an agreed judgment on May 8, 2003, declaring the 657 Trust
void. So too did it order Aaron, the trustee and residual beneficiary of the trust, to provide
to Jacqueline Spencer Morgan an accounting, to deliver possession of all assets and all
evidence regarding assets and liabilities of the trust, to execute all documents necessary
to effectuate the court's orders, and to maintain the status quo of all assets until properly
conveyed. (1) On July 3, 2003, the Estate filed a motion to compel and for sanctions
contending that Aaron failed to comply with the court's orders in its judgment. The trial
court granted the motion on July 22, 2003, and ordered appellant to "give his oral
deposition and produce all documents requested in the previously served subpoena duces
tecum" on July 23, 2003. 

 On August 5, 2003, the Estate filed a motion for contempt and for sanctions due to
appellant's continued refusal to obey the orders of the court. After a hearing, the court
granted the motion and ordered appellant to pay $4,000 in attorney's fees and $50,000 into
the registry of the court as an additional sanction. 

Issue One - $50,000 Sanction


 In his first issue, appellant contends that the award of $50,000 constituted a fine or
penalty and, therefore, was improper. So too does he allege that the amount lacked all
reasonable relationship to the conduct sought to be rectified. We sustain the issue. (2) 

 The decision to sanction a litigant for discovery abuse lies within the discretion of
the trial court; we may not interfere with that decision unless it evinces an instance of
abused discretion. Estate of Riggins, 937 S. W.2d 11, 16 (Tex. App.-Amarillo 1996, writ
denied). Whether it does so depends upon whether it comports with controlling rules and
principles. See Williams v. Akzo Nobel Chemicals, Inc., 999 S.W.2d 836, 842 (Tex. App.
-Tyler 1999, no pet.); Estate of Riggins, 937 S.W.2d at 16. Next, levying a discovery
sanction that does not exist under the law constitutes an instance of abuse. Ford Motor
Co. v. Tyson, 943 S.W.2d 527, 536 (Tex. App.-Dallas 1997, orig. proceeding). Lastly,
assessing a monetary fine is one such prohibited sanction. Id.; see Braden v. Downey,
811 S.W.2d 922, 930 (Tex. 1991) (noting that the trial court may, under Texas Rule of Civil
Procedure 215(3), enter "such orders . . . as are just" but expressly withholding comment
on whether that language permits the trial court to levy a fine or penalty).

 Here, the Estate requested the trial court to levy sanctions, including reasonable
attorney's fees, against Aaron due to his improper conduct. And, while it presented
evidence (in the form of testimony uttered by its counsel of record) of the $4,000 attorney's
fees it incurred, no evidence was presented illustrating the amount of other expenses, if
any, it incurred as a result of Aaron's behavior. Nor could it be said that the $50,000 was
levied for the purpose of reimbursing the Estate for its expenses given that the trial court
directed Aaron to pay the sum "into the registry of this Court" rather than to the Estate. 
Thus, we can only conclude that in directing Aaron to pay the $50,000 to the court in
addition to a $4,000 attorney's fees, the former sum was nothing short of a monetary fine
or penalty. And, being such, the trial court not only lacked the authority to assess it but
also abused its discretion in ordering its payment.

Issue Two - Attorney's Fees


 In his second issue, appellant contends that the trial court also abused its discretion
in assessing the $4,000 attorney's fees. This is purportedly so because he was justified
in asserting his Fifth Amendment privilege against self-incrimination and the fees "were not
properly proven up in court." We overrule the issue.

 Regarding the matter of "proving up" the fees, we have perused the record before
us and discovered evidence supporting the award. As to the matter of self-incrimination,
the evidence of record does not indicate that the amount included reimbursement for the
Estate's counsel having to appear at the deposition whereat Aaron pled the Fifth. Nor can
we see how his Fifth Amendment rights were implicated by the Estate's counsel having to
journey to Midland to research documents that Aaron voluntarily delivered to the FBI as
opposed to the Estate.

 Accordingly, we reverse that portion of the "Order Granting Plaintiff's Motion for
Contempt and for Sanctions . . ." (signed on August 29, 2003) directing Aaron to pay
$50,000 into the court's registry, render judgment relieving Aaron from paying the $50,000
sum, and affirm the order in all other respects.


 Brian Quinn 

 Justice
1. Jacqueline Spencer Morgan is since deceased and the representative of her estate is a party to the
ensuing proceedings. 
2. The Estate contends that the complaints regarding the sanctions were waived because "[t]here is
no evidence in either record that Appellant . . . ever made any objection, complaint, or request for
consideration as to the trial court's order requiring [their] payment . . . ." See Keifer v. Continental Airlines,
Inc., 10 S.W.3d 34, 41 (Tex. App.-Houston [14th Dist.] 1999, pet. denied) (stating that where an attorney fails
to complain of the sanction and fails to ask the trial court to reconsider its action, the attorney waives the
complaint on appeal). Yet, Aaron complained about the order levying sanctions in his motion to modify that
he filed with the trial court. Thus, we conclude that the issue was preserved. 



Locked="false" Priority="64" Name="Medium Shading 2 Accent 3"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-08-00130-CR

 

IN THE
COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL D

 



APRIL
5, 2010

 



 

VICTORIA ANN GRIEGO, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

 

NO. A17397-0710; HONORABLE ROBERT W.
KINKAID JR., JUDGE



 



 

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

 

Appellant
Victoria Ann Griego appeals from her conviction for the offense of burglary of
a habitation and the resulting sentence of twenty years=
imprisonment in the Institutional Division of the Texas Department of Criminal
Justice.  Through one issue, appellant
contends the evidence was legally and factually insufficient to support her
conviction. We find the evidence sufficient and affirm the conviction.

 








Background

Appellant was indicted for Aintentionally or knowingly enter[ing] a habitation, without the
effective consent of [complainant], and attempt[ing] to commit and commit[ing]
theft of property, to-wit: a wallet containing cash, owned by [complainant].@[1]  On her plea of not guilty, the
case proceeded to jury trial.

Evidence showed that on the morning of October 5, 2007, appellant came
to the complainant=s apartment in Plainview and asked for money to pay for gas.   The complainant, a man ninety-three years
old, gave her five dollars.  Several
hours later, appellant returned to the complainant=s apartment and knocked on the door, apparently wanting to repay the
money she borrowed earlier.  Inside the
apartment, the complainant began to remove his wallet, appellant grabbed it,
took $240 cash from the wallet, and left. 

Through several witnesses, appellant presented both mistaken identity
and alibi defenses in which she argued she was not the person who committed the
offense.  She contended that on October
5, she was in Lubbock with her family while her father was having surgery.

 

 

 

Analysis

Applicable
Law








In a criminal case, the State has the burden to prove each element of
an offense beyond a reasonable doubt.  Johnson
v. State, 673 S.W.2d 190, 194 (Tex.Crim.App. 1984).  On appeal, appellant challenges the legal and
factual sufficiency of the evidence to prove one element:  the lack of effective consent of the
complainant to enter his habitation. 
Absent proof that appellant entered without the effective consent of the
owner, her burglary conviction cannot stand. 
See Eppinger v. State,
800 S.W.2d 652, 653 (Tex.App.BAustin 1990, pet. ref=d) (reversing conviction for that reason).  Lack of consent may be shown
circumstantially.  Prescott v. State,
610 S.W.2d 760 (Tex.Crim.App. 1981); Taylor v. State, 508 S.W.2d 393,
397 (Tex.Crim.App. 1974); Salazar v. State, 712 S.W.2d 643 (Tex.App.BCorpus Christi 1986, no pet.). 
Consent means assent in fact, whether express or apparent.  Tex. Penal Code Ann. ' 1.07(11) (Vernon 2008). 
Testimony need not contain Amagic words@ to establish lack of consent.  Prescott,
610 S.W.2d at 763.

In reviewing issues of legal sufficiency, an appellate court views the
evidence in the light most favorable to the verdict to determine whether, based
on that evidence and reasonable inferences therefrom, a rational jury could
have found each element of the offense beyond a reasonable doubt.  Swearingen v. State, 101 S.W.3d 89, 95
(Tex.Crim.App. 2003); Conner v. State, 67 S.W.3d 192, 197 (Tex.Crim.App.
2001), citing Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61
L.Ed.2d 560 (1979).  If, given all of the
evidence, a rational jury would necessarily entertain a reasonable doubt of the
defendant=s guilt, due process requires that we reverse and order a judgment of
acquittal.  Swearingen, 101
S.W.3d at 95, citing Narvaiz v. State, 840 S.W.2d 415, 423
(Tex.Crim.App. 1992), cert. denied, 507 U.S. 975,113 S.Ct. 1422, 122
L.Ed.2d 791 (1993).  Circumstantial
evidence is as probative as direct evidence in establishing guilt, and
circumstantial evidence alone can be sufficient to do so.  Hooper v. State, 214 S.W.3d 9
(Tex.Crim.App. 2007), citing Guevara v. State, 152 S.W.3d 45, 49
(Tex.Crim.App. 2004). 

A factual sufficiency review considers whether the evidence supporting
guilt, though legally sufficient, is so weak the jury=s verdict seems clearly wrong and manifestly unjust, or evidence
contrary to the verdict is such that the jury=s verdict is against the great weight and preponderance of the
evidence.  Marshall v. State, 210
S.W.3d 618, 625 (Tex.Crim.App. 2006); Watson v. State, 204 S.W.3d 404,
414-15 (Tex.Crim.App. 2006); Johnson v. State, 23 S.W.3d 1, 11
(Tex.Crim.App. 2000).  

Application








The complainant testified at trial that on the morning of October 5, he
loaned appellant five dollars for gas because he was taught that Awe need to help people.@  He then left his apartment to
go eat at the senior citizen=s center and when he returned, appellant was there looking through a
window into his apartment Awanting to pay me back the $5.00, but what she really wanted to do was
when I opened my wallet she grabbed it and she ran for a vehicle that was there
and left.@   

 The complainant also testified
that he did not give appellant permission to have his money.  He testified that when he returned from
eating and found appellant at his apartment, he told her to just keep the money
but he thought Ashe was waiting for me to open my billfold because when I opened my
billfold, she stuck her hand in there and grabbed it and took it and ran out.@  When the prosecutor asked the
complainant if he gave appellant permission or consent to take all of his money
that day, he answered Ano.@

In support of his argument the complainants testimony actually
infers he invited her into his residence, appellant cites an exchange during
which the prosecutor asked the complainant: AIf you could stand up and point to the woman who, that day, walked in
your house and took your wallet and took your cash?@  The complainant answered, AIt was her.  I don=t know why, but sheBmaybe she needed money.  I don=t know.@  The complainant then said, ABecause at this time of the year it is cold and you immediately have
somebody to come in when they=re outside and that is what I did at that time.@  Appellant contends the
complainant was referring to their encounter after lunch, when he said she took
his $240 cash.  After reviewing the
record, however, we find the jury could have considered the complainants
comment as referring to their encounter during the morning, when he gave her
five dollars. 

The complainants act of asking appellant in from the cold on that
occasion does not prevent a jury finding appellant entered again after lunch
without the complainants effective consent. 
Consent given to an acquaintance to enter and even stay at a house is
not effective consent to enter for all purposes at all times.  See Releford v. State, No.
10-05-00419-CR, 2007 WL 613717 (Tex.App.BWaco Feb. 28, 2007, pet. ref=d) (mem. op., not designated for publication), citing Rangel v.
State, 179 S.W.3d 64, 69 (Tex.App.BSan Antonio 2005, pet. ref=d).  The fact that the
complainant allowed appellant into his home the morning of October 5 because it
was cold does not bear on whether she had permission to enter later in the
day.  Releford, 2007 WL 613717 at
*4, citing In re D.J.H., 186 S.W.3d 163, 165 (Tex.App.BFort Worth 2006, pet. denied).  See
also Tran v. State, No. 07-00-0147-CR, 2001 WL 482342 (Tex.App.BAmarillo May 7, 2001, pet. ref=d) (mem. op., not designated for publication) (even assuming the
evidence would otherwise be sufficient to show appellant had consent to enter
the premises for the purpose of playing pool or using the computer, there is
nothing that would indicate any type of consent to enter the premises with the
uncontroverted intent to commit theft).








Acknowledging the record is not entirely clear whether the complainant
invited appellant into his apartment during their morning encounter or after
lunch, or on both occasions, the State contends also any consent given on the
latter occasion was not effective because it was induced by appellant=s fraud that she was returning to repay the complainant the five
dollars she borrowed that morning.[2]  See Tex. Penal Code Ann. ' 1.07(19) (Vernon 2008) (consent is not effective if it is induced by
force, threat or fraud); Gordon v. State, 633 S.W.2d 872 (Tex.Crim.App.
1982) (defendant gained entry into residence under pretense of using the
telephone; entry was secured by fraud, negating effective consent).

The jury was instructed that consent is not effective if induced by
deception.  The definition of effective
consent excludes consent induced by threat, force or fraud.[3]  Tex. Penal Code Ann. ' 1.07(19) (Vernon 2008).  Under
this definition, even Aone who enters through an open door@ could do so without effective
consent.  Ellett v. State, 607
S.W.2d 545, 550 (Tex.Crim.App. 1980), quoting
Searcy and Patterson,
Practice Commentary on Sec. 30.02, 3 V.T.C.A. Penal Code 143.  We agree with the State the
evidence permitted the jury to find that when appellant returned to and entered
the complainant=s apartment under the pretense of repaying him the five dollars he
loaned her that morning, she entered without the complainant=s effective consent.  Cf.
Eppinger v. State, 800 S.W.2d 652 (Tex.App.BAustin 1990, pet. ref=d) (finding no evidence of fraudulent or deceptive behavior by
defendant).













When viewed in the light most favorable to the verdict, the evidence is
legally sufficient to find appellant entered the complainants apartment
without his effective consent. 
Additionally, a neutral review of all the evidence demonstrates neither
that the proof of guilt is so weak nor that conflicting evidence is so strong
as to render the jury=s verdict clearly wrong and manifestly unjust.  We overrule appellant=s sole issue and affirm the judgment of the trial court.

 

James
T. Campbell

         Justice

            

 

Do not publish.

 

 











[1]  Tex. Penal Code Ann. § 30.02(a)(3) (Vernon 1999).





[2]  In addition to this
argument, the State contends circumstantial evidence of a lack of effective
consent was introduced through the testimony of complainant=s next door neighbor.  Evidence
of a lack of effective consent may be shown by circumstantial evidence.  Hathorn v. State, 848 S.W.2d 101, 107
(Tex.Crim.App. 1992); Mabra v. State, 997 S.W.2d 770, 774 (Tex.App.BAmarillo 1999, pet. ref=d).  The neighbor testified at
trial that on October 5, she saw appellant try to open her door.  She then saw appellant go to the complainant=s door but he was not home.  She
left and got into a white pickup.  The
complainant then returned and appellant went into his apartment.  See Mayfield v. State, 188 S.W.3d 316,
320 (Tex.App.BEastland 2006, pet. ref=d) (circumstantial evidence can support a finding of guilt despite the
fact that it might lead to more than one inference).





[3]  Fraud is not defined in
the Penal Code.  Fraud is defined
elsewhere as A[a] knowing misrepresentation of the truth or concealment of a material
fact to induce another to act to his or her detriment.@  Black=s Law Dictionary 670 (7th ed. 1999).