NO. 07-08-00130-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 5, 2010

VICTORIA ANN GRIEGO, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A17397-0710; HONORABLE ROBERT W. KINKAID JR., JUDGE

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Victoria Ann Griego appeals from her conviction for the offense of burglary of a habitation and the resulting sentence of twenty years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice. Through one issue, appellant contends the evidence was legally and factually insufficient to support her conviction. We find the evidence sufficient and affirm the conviction.

1

Background

Appellant was indicted for "intentionally or knowingly enter[ing] a habitation, without the effective consent of [complainant], and attempt[ing] to commit and commit[ing] theft of property, to-wit: a wallet containing cash, owned by [complainant]."[1] On her plea of not guilty, the case proceeded to jury trial.

Evidence showed that on the morning of October 5, 2007, appellant came to the complainant's apartment in Plainview and asked for money to pay for gas. The complainant, a man ninety-three years old, gave her five dollars. Several hours later, appellant returned to the complainant's apartment and knocked on the door, apparently wanting to repay the money she borrowed earlier. Inside the apartment, the complainant began to remove his wallet, appellant grabbed it, took $240 cash from the wallet, and left.

Through several witnesses, appellant presented both mistaken identity and alibi defenses in which she argued she was not the person who committed the offense. She contended that on October 5, she was in Lubbock with her family while her father was having surgery.

---

[1] Tex. Penal Code Ann. § 30.02(a)(3) (Vernon 1999).

Analysis

*Applicable Law*

In a criminal case, the State has the burden to prove each element of an offense beyond a reasonable doubt. *Johnson v. State,* 673 S.W.2d 190, 194 (Tex.Crim.App. 1984). On appeal, appellant challenges the legal and factual sufficiency of the evidence to prove one element: the lack of effective consent of the complainant to enter his habitation. Absent proof that appellant entered without the effective consent of the owner, her burglary conviction cannot stand. *See Eppinger v. State,* 800 S.W.2d 652, 653 (Tex.App.–Austin 1990, pet. ref'd) (reversing conviction for that reason). Lack of consent may be shown circumstantially. *Prescott v. State,* 610 S.W.2d 760 (Tex.Crim.App. 1981); *Taylor v. State,* 508 S.W.2d 393, 397 (Tex.Crim.App. 1974); *Salazar v. State,* 712 S.W.2d 643 (Tex.App.–Corpus Christi 1986, no pet.). Consent means assent in fact, whether express or apparent. Tex. Penal Code Ann. § 1.07(11) (Vernon 2008). Testimony need not contain "magic words" to establish lack of consent. *Prescott,* 610 S.W.2d at 763.

In reviewing issues of legal sufficiency, an appellate court views the evidence in the light most favorable to the verdict to determine whether, based on that evidence and reasonable inferences therefrom, a rational jury could have found each element of the offense beyond a reasonable doubt. *Swearingen v. State,* 101 S.W.3d 89, 95 (Tex.Crim.App. 2003); *Conner v. State,* 67 S.W.3d 192, 197 (Tex.Crim.App. 2001), *citing Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). If,

3

given all of the evidence, a rational jury would necessarily entertain a reasonable doubt of the defendant's guilt, due process requires that we reverse and order a judgment of acquittal. *Swearingen,* 101 S.W.3d at 95, *citing Narvaiz v. State,* 840 S.W.2d 415, 423 (Tex.Crim.App. 1992), *cert. denied,* 507 U.S. 975,113 S.Ct. 1422, 122 L.Ed.2d 791 (1993). Circumstantial evidence is as probative as direct evidence in establishing guilt, and circumstantial evidence alone can be sufficient to do so. *Hooper v. State,* 214 S.W.3d 9 (Tex.Crim.App. 2007), *citing Guevara v. State,* 152 S.W.3d 45, 49 (Tex.Crim.App. 2004).

A factual sufficiency review considers whether the evidence supporting guilt, though legally sufficient, is so weak the jury's verdict seems clearly wrong and manifestly unjust, or evidence contrary to the verdict is such that the jury's verdict is against the great weight and preponderance of the evidence. *Marshall v. State*, 210 S.W.3d 618, 625 (Tex.Crim.App. 2006)*; Watson v. State*, 204 S.W.3d 404, 414-15 (Tex.Crim.App. 2006); *Johnson v. State*, 23 S.W.3d 1, 11 (Tex.Crim.App. 2000).

*Application*

The complainant testified at trial that on the morning of October 5, he loaned appellant five dollars for gas because he was taught that "we need to help people." He then left his apartment to go eat at the senior citizen's center and when he returned, appellant was there looking through a window into his apartment "wanting to pay me back the $5.00, but what she really wanted to do was when I opened my wallet she grabbed it and she ran for a vehicle that was there and left."

4

The complainant also testified that he did not give appellant permission to have his money. He testified that when he returned from eating and found appellant at his apartment, he told her to just keep the money but he thought "she was waiting for me to open my billfold because when I opened my billfold, she stuck her hand in there and grabbed it and took it and ran out." When the prosecutor asked the complainant if he gave appellant permission or consent to take all of his money that day, he answered "no."

In support of his argument the complainant's testimony "actually infers" he invited her into his residence, appellant cites an exchange during which the prosecutor asked the complainant: "If you could stand up and point to the woman who, that day, walked in your house and took your wallet and took your cash?" The complainant answered, "It was her. I don't know why, but she–maybe she needed money. I don't know." The complainant then said, "Because at this time of the year it is cold and you immediately have somebody to come in when they're outside and that is what I did at that time." Appellant contends the complainant was referring to their encounter after lunch, when he said she took his $240 cash. After reviewing the record, however, we find the jury could have considered the complainant's comment as referring to their encounter during the morning, when he gave her five dollars.

The complainant's act of asking appellant in from the cold on that occasion does not prevent a jury finding appellant entered again after lunch without the complainant's effective consent. Consent given to an acquaintance to enter and even stay at a house

is not effective consent to enter for all purposes at all times. *See Releford v. State,* No. 10-05-00419-CR, 2007 WL 613717 (Tex.App.–Waco Feb. 28, 2007, pet. ref'd) (mem. op., not designated for publication), *citing Rangel v. State,* 179 S.W.3d 64, 69 (Tex.App.–San Antonio 2005, pet. ref'd). The fact that the complainant allowed appellant into his home the morning of October 5 because it was cold does not bear on whether she had permission to enter later in the day. *Releford,* 2007 WL 613717 at *4, *citing In re D.J.H.,* 186 S.W.3d 163, 165 (Tex.App.–Fort Worth 2006, pet. denied). *See also Tran v. State,* No. 07-00-0147-CR, 2001 WL 482342 (Tex.App.–Amarillo May 7, 2001, pet. ref'd) (mem. op., not designated for publication) (even assuming the evidence would otherwise be sufficient to show appellant had consent to enter the premises for the purpose of playing pool or using the computer, there is nothing that would indicate any type of consent to enter the premises with the uncontroverted intent to commit theft).

Acknowledging the record is not entirely clear whether the complainant invited appellant into his apartment during their morning encounter or after lunch, or on both occasions, the State contends also any consent given on the latter occasion was not effective because it was induced by appellant's fraud that she was returning to repay the complainant the five dollars she borrowed that morning.[2] *See* Tex. Penal Code

---

[2] In addition to this argument, the State contends circumstantial evidence of a lack of effective consent was introduced through the testimony of complainant's next door neighbor. Evidence of a lack of effective consent may be shown by circumstantial evidence. *Hathorn v. State,* 848 S.W.2d 101, 107 (Tex.Crim.App. 1992); *Mabra v. State,* 997 S.W.2d 770, 774 (Tex.App.–Amarillo 1999, pet. ref'd). The neighbor testified

Ann. § 1.07(19) (Vernon 2008) (consent is not effective if it is induced by force, threat or fraud); *Gordon v. State,* 633 S.W.2d 872 (Tex.Crim.App. 1982) (defendant gained entry into residence under pretense of using the telephone; entry was secured by fraud, negating effective consent).

The jury was instructed that consent is not effective if induced by deception. The definition of effective consent excludes consent induced by threat, force or fraud.[3] Tex. Penal Code Ann. § 1.07(19) (Vernon 2008). Under this definition, even "one who enters through an open door" could do so without effective consent. *Ellett v. State,* 607 S.W.2d 545, 550 (Tex.Crim.App. 1980), *quoting* Searcy and Patterson, Practice Commentary on Sec. 30.02, 3 V.T.C.A. Penal Code 143. We agree with the State the evidence permitted the jury to find that when appellant returned to and entered the complainant's apartment under the pretense of repaying him the five dollars he loaned her that morning, she entered without the complainant's effective consent. *Cf. Eppinger v. State,* 800 S.W.2d 652 (Tex.App.–Austin 1990, pet. ref'd) (finding no evidence of fraudulent or deceptive behavior by defendant).

---

at trial that on October 5, she saw appellant try to open her door. She then saw appellant go to the complainant's door but he was not home. She left and got into a white pickup. The complainant then returned and appellant went into his apartment. *See Mayfield v. State,* 188 S.W.3d 316, 320 (Tex.App.–Eastland 2006, pet. ref'd) (circumstantial evidence can support a finding of guilt despite the fact that it might lead to more than one inference).

[3] Fraud is not defined in the Penal Code. Fraud is defined elsewhere as "[a] knowing misrepresentation of the truth or concealment of a material fact to induce another to act to his or her detriment." Black's Law Dictionary 670 (7th ed. 1999).

When viewed in the light most favorable to the verdict, the evidence is legally sufficient to find appellant entered the complainant's apartment without his effective consent. Additionally, a neutral review of all the evidence demonstrates neither that the proof of guilt is so weak nor that conflicting evidence is so strong as to render the jury's verdict clearly wrong and manifestly unjust. We overrule appellant's sole issue and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.